IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JORGE ANDUJAR-ORTIZ,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL NO. 09-1621 (JAG)
CRIMINAL NO. 09-086, 06-206 (JAG)

## REPORT AND RECOMMENDATION

### INTRODUCTION

Above petitioner Jorge Andújar-Ortiz (hereafter petitioner Andújar-Ortiz) filed a motion and affidavit in support of a Title 28,  United States Code, Section 2255 petition seeking to vacate his conviction and sentence after a guilty  plea in Criminal No. 09-086 (JAG) on an information and as to Count One of the Indictment in Criminal No. 06-206 (JAG), to which he was sentenced in a joint proceeding.

Petitioner Andújar-Ortiz submits his retained counsel, Atty. Luis Rafael Rivera-Rodríguez, was ineffective for failing to explain to him the element of the offense as to the firearm at issue under Section 924(c) would require proximity to the narcotics.  In the absence of such evidence of proximity of the firearm by the government, petitioner claims he would not have pleaded guilty. (*Civil No. 09-1621, Docket No.* 1).  On January 7, 2010, the United States government filed a response.  (*Id., Docket No. 8*).

This Section 2255 petition was referred to this Magistrate Judge for report and recommendation.  (*Id., Docket Nos. 10, 11*).

Jorge Andújar-Ortiz  v. U.S.
Civil No.  09-1621 (JAG)
Criminal Nos. 09-086, 06-206 (JAG)
Report and Recommendation
Page 2

Having examined the documents on record, including the Rule 11 proceedings as to pleading guilty, the transcript of the guilty plea hearing, the plea agreement, and the transcript of the sentencing hearing, this Magistrate Judge is of the opinion petitioner has failed to establish he is entitled to relief on his post-conviction motion.  We now discuss.

## PROCEDURAL BACKGROUND

Above petitioner was charged in Count One of an Indictment, in that from or about May 24, 2006, to on or about June 16, 2006, he knowingly, intentionally and unlawfully possessed, with intent to distribute approximately forty four (44) grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I, Drug Controlled Substance in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1(C).  *(Criminal No. 06-206 (JAG))*.

Petitioner was also charged in a one count Information in that on June 16, 2006, he knowingly possessed at least one firearm, that is, one Glock, model 30, .45 caliber pistol with serial number CZT651US, and two (2) extended magazines containing forty-one (41) rounds of .45 caliber ammunition in furtherance of the commission of a drug trafficking crime, as defined in Title 18, United States Code, Section 924(c)(2), that is, a violation of Title 21, United States Code, Section 841(a)(1), involving possession with intent to distribute heroin, a Schedule I Drug Controlled Substance, as charged in Count One of the Indictment (Criminal No. 06-206), which may be prosecuted in a Court of the United States, in violation of Title 18, United States Code, Section, Section 924(c)(1)(A)(I).  On

February 25, 2009, these two charges were object of a plea agreement which was reached between the petitioner and the government. (*Criminal No. 09-086, Docket No. 4*).

On the basis of said plea agreement and after pleading guilty, petitioner was sentenced on June 16 9, 2009 consonant with the government's recommendation and agreement with defendant and his counsel. Andújar-Ortiz addressed the Court and expressed his repentance. The sentencing court imposed a sentence as to Count One of the Indictment, under the advisory sentencing guidelines, based on a Criminal History Category of II, because of his previous criminal record, indicating it was accepting a firm sentencing recommendation under the negotiated plea. As such, petitioner Andújar-Ortiz was sentenced for said Count One of the Indictment to a term of twenty four (24) months. As to the one-count Information in Criminal No. 09-086, also following the plea agreement, the Court sentenced petitioner to one hundred and twenty (120) months of incarceration which was to be served consecutively, as required by statute, for a total term of imprisonment in both cases of one hundred and forty four (144) months of imprisonment. The Court also imposed the condition of supervised release for a term of five (5) years, and other standards conditions upon release from custody.

Upon *pro-se* petitioner Andújar-Ortiz' filing of his post-conviction motion raising claims of ineffective assistance of his retained counsel, the government's response states petitioner's averment in that there was no evidence establishing the firearm discovered under the mattress was in furtherance of the offense of possession of narcotics found in the kitchen of the same residence is one totally lacking merit. Furthermore, upon a knowing and intelligent plea agreement, petitioner Andújar-Ortiz benefitted from being held

Jorge Andújar-Ortiz v. U.S.
Civil No. 09-1621 (JAG)
Criminal Nos. 09-086, 06-206 (JAG)
Report and Recommendation
Page 4

accountable for a specific amount of narcotics, with a two (2) level reduction for acceptance of responsibility under the sentencing guideline and the dismissal of the additional charges in Count Two of the Indictment.[1]  Petitioner Andújar-Ortiz was sentenced in accordance with the plea agreement and there are no grounds, as established by the record of proceedings held in the case, but to find he showed being satisfied with the services of his retained counsel and having been fully explained the consequences.  Thus, petitioner understood the plea of guilty he entered.

## STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

The claim of ineffective assistance of counsel should first address this petitioner's compliance with the requisites in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 2068 (1984).

The legal standard applicable to the above-captioned petition is pellucidly clear. Petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted. Strickland,  466 U.S. at  687.  *See also* López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990). Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide.  *See* Strickland, 466 U.S. at 689. Therefore, as the Supreme Court has noted, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*.

---

[1]  The dismissed Count Two charged the possession of the same firearm charged in the Information, the Glock pistol, which is instead described as a fully automatic pistol, and the two extended magazines, in furtherance of a drug trafficking offense.

Jorge Andújar-Ortiz  v. U.S.
Civil No.  09-1621 (JAG)
Criminal Nos. 09-086, 06-206 (JAG)
Report and Recommendation
Page 5

Pursuant to Strickland, 466 U.S. at 688  counsel's performance is ineffective only if it was objectively unreasonable under prevailing professional norms.  In light of the circumstances, petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance.

## DISCUSSION

A review of the record shows petitioner's claims of ineffective assistance of counsel stem from his claim that he now became aware there was no evidence to establish the proximity of the firearm to the narcotics to meet the "in furtherance" requisite for carrying/use.  Petitioner avers that, if he would have known, he would not have made a plea to a violation of law regarding possession of firearm in furtherance of a controlled substance violation in the absence of such evidence, which was not explained by counsel.  Petitioner's grounds for such a lack of proximity of the firearm with the drugs is that the firearm was under the mattress, while the narcotics were found in the kitchen.  Hence, in this scenario, petitioner Andújar-Ortíz submits there could be no proximity evidence to establish the violation to 924(c) as to possession of a firearm in furtherance of a drug trafficking offense. Such averment is contrary to law and to the facts of the case.

### A.  Elements of a 924(c) Violation on Guilty Plea.

A violation to Section  924(c)(1)(A) can charge either "use" or "carrying" firearms in relation or in furtherance of a drug trafficking offense.[2]  In a similar situation to herein, in

---

[2]  "[A]ny person who, during and in relation to any crime of violence or drug trafficking crime … uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime

(1) be sentenced to a term of imprisonment of no less than five years … 18 U.S.C. §924(c)(1)(A). (Although theoretically, anyone convicted of 924(c)(1)(A) is eligible to receive a sentence as severe as life imprisonment. See Harris v. United States, 536 U.S. 545, 578, 122 S.Ct. 2406 (2002).

United States v. Wainuskis, 138 F.3d 183 (5th Cir. 1998) the Court affirmed the conviction

upon firearms being found under the mattress as sufficient for the "in furtherance" of drugs

in an apartment.   It discussed therein the rationale opposing arguments that mere

possession of a firearm cannot establish the connection for the offense of using or carrying

said firearm in connection to or in furtherance of a drug trafficking offense as the Supreme

Court ruled in Bailey v. United States.[3]  Section 924(c)(1) constitutes one offense, but can

be violated in either of two ways: using or carrying. Bailey recognized that the carry prong

of § 924(c)(1) brings some offenders who would not satisfy the use prong within the reach

of the statute.  *Id.* at 149-51, 116 S.Ct. at 509.[4]

The Court of Appeals for the First Circuit also provides some indicia of the relation

necessary between drugs and firearms *in lieu* of mere possession in United States v.

Hadfield, 918 F.2d 987 (1st Cir. 1990).  When applying Hadfield, an inquiring court primary

concern is not whether the gun was "instantly available" or "exclusively dedicated to the

narcotics trade, " but whether it was "available for use" in that regard.  *See* United States

v. Castro-Lara, 970 F.2d 976, 983 (1st Cir. 1992). [5]

---

[3]   516 U.S. 137, 116 S.Ct. 501 (1995).

[4]   The Bailey Court was more concerned with the limited "use" of a firearm, that is the "active employment" not on the "carrying" prong of the statute.

[5]   It is reasonable, we think, if an operable firearm is found in close proximity to a room or rooms in which drug distribution, processing, or storage occurs, for the fact finder to conclude that the defendant knew the gun was there and intended it to be available for use in connection with the predicate offense. Indeed, so long as one purpose in situating the weapon nearby was to protect the narcotics enterprise, that need not have been defendant's sole purpose. *See* United States Payero, 888 F.2d 928, 929 (1st Cir . 1989).  In sum, even if a firearm is not instantly available or exclusively dedicated to the narcotics trade, a sufficient nexus may exist to support a finding that it was used during and in relation to a drug trafficking crime.

Similarly the Court of Appeals held that to convict for using a firearm during and in relation to drug-trafficking crime, emphasis is on firearm's availability for use, regardless of whether weapon is actually used in commission of crime. United States v. Bergodere, 40 F.3d 512 (1st Cir. 1994) (affirming 924(c) conviction where weapon was found under the mattress and the drugs were in a room in the same house); *see* United States v. Paulino, 13 F.3d 20, 26 (1st Cir. 1994).

In United States v. Marin, 523 F.3d 24 (1st Cir. 2008), several cases were discussed as guideline for the conviction of a firearm in furtherance of a drug trafficking offense, to wit, in the context of a drug trafficking predicate, in furtherance is understood as to demand showing a sufficient nexus between the firearm and the drug crime such that the firearm advances or promotes the drug crime. United States v. Grace, 367 F.3d 29, 34-35 (1st Cir.2004); United States v. Garner, 338 F.3d 78, 81 (1st Cir.2003). For example, possession of a firearm to protect drugs or sales proceeds can establish such a nexus. United States v. Robinson, 473 F.3d 387, 399 (1st Cir.2007); United States v. Delgado-Hernández, 420 F.3d 16, 31-32 (1st Cir. 2005);Garner, 338 F.3d at 81.  In applying an objective analysis, the Court of Appeals has often considered the proximity of the firearm to the contraband. In Grace, for example, it found evidence sufficient where an unloaded firearm was found in the same residence as drugs and sales proceeds. Grace, 367 F.3d at 34-35.   In United States v. Luciano, 329 F.3d 1 (1st Cir.2003), the conviction was affirmed where the firearms were located in a crawl space also containing heroin and drug paraphernalia.

The First Circuit Court of Appeals in Delgado-Hernández, 420 F.3d at 31, recognizes that in a guilty plea for a firearm violation in furtherance of a drug trafficking offense, even

Jorge Andújar-Ortiz v. U.S.
Civil No. 09-1621 (JAG)
Criminal Nos. 09-086, 06-206 (JAG)
Report and Recommendation
Page 8

if the government's evidence is not iron-clad, the factual basis for the guilty plea need only

consist of "enough evidence so that the plea has a rational basis in facts", that is, "some ...

basis for thinking that the defendant is at least arguably guilty." *See* United States v.

Gandia-Maysonet, 227 F.3d 1, 6 (1st Cir. 2000).

Petitioner Andújar-Ortiz pleaded guilty to the one-count Information with full

knowledge that the offense entailed not mere possession of a firearm, but the

carrying/possession of same under Section 924(c)(1) in relation to a drug trafficking offense

as charged in Count One of the Indictment, the possession with intent to distribute of

heroin found in the same residence on the same date. Petitioner Andújar-Ortiz pleaded

guilty to a type 11(c) plea agreement as to which the sentencing Court fully agreed to impose

the recommended sentence that had been previously agreed between petitioner, his

counsel, and the government. During the sentencing proceedings and previously at the

Rule 11 hearing, Andújar-Ortíz acknowledged he had discussed the agreement, understood

it fully after meeting with his retained counsel and verified he was pleading guilty to the

one-count Information of possession of a firearm in furtherance of a drug trafficking

activity as charged in Count One of the Indictment, as well as to Count One of the

Indictment for the possession of narcotics with intent to distribute. The Court delved into

the elements of what the government needed to prove to be found guilty of the Information,

to include the following: that he knowingly possessed the firearm and ammunition;[6] that

the possession of the firearm and ammunition was in furtherance of the commission of the

[6] The phrase "carries a firearm" is not limited to carrying of firearms on person, but also applies to person who knowingly possesses and conveys firearms, even if in a locked compartment, the glove compartment or the trunk of a car. Muscarello v. United States, 524 U.S. 125, 118 S.Ct. 1911 (1998).

drug trafficking crime, that is the possession of heroin with intent to distribute, as alleged in Count One of the Indictment, and finally that drug trafficking was a crime that could be prosecuted in the courts of the United States. *Transcript, 1/25/2009, pp. 26-28.*

The government's factual basis for the plea as to the controlled substance and the firearms found in furtherance of said offense was placed on the record.  Succinctly, at the time of the execution of search warrant at Andújar-Ortiz' residence, state agents seized four (4) bags containing heroin and six (6) decks of heroin.  The firearm charged in the Information was found under the mattress in the bedroom along with the two (2) extended magazines with forty one (41) rounds of ammunition. In petitioner Andújar-Ortiz's dresser, drug paraphernalia was found including a grinder, strainer, box of syringes, wetting stone, aluminum wraps, aluminum roles, red and violet, scale and several small bags, in addition to cash.  At the time of arrest, petitioner waived his rights and admitted that he owed the narcotics and the firearms.

During the change of plea colloquy, petitioner Andújar-Ortiz admitted having received full discovery by the government and being in agreement with the government's stipulation of facts in support of his plea of guilty. *Id. pp. 28-29.*

Consideration should be given to the fact petitioner Andújar-Ortiz has prior experience with the law, displaying legal knowledge of his rights and of the proceedings. Petitioner served a sentence on probation for possession of controlled substance in 1996, for possession of firearms and for threats in 1997 of three (3) months of incarceration and has also been fined for possession of firearms without a license.  Thus, petitioner held six (6) criminal history points for a resulting Criminal History Category of III.  The pre-

sentence report verified petitioner Andújar-Ortiz had a Criminal History Category of III, although the government, for purposes of the plea agreement and the applicable sentencing guideline, acquiesced to a Criminal History Category of II.[7]

Thus,  petitioner Andújar-Ortiz' interpretation that the firearm to which he pleaded guilty in the one-count Information would not be considered in furtherance of the drug trafficking offense for lack of proximity and his counsel's alleged omission in providing him with an explanation he now alludes in hindsight would have affected his plea determination, is  insufficient to establish ineffectiveness.  Petitioner's interpretation of the applicable law to his factual scenario is contrary to the case law of the First Circuit discussed above and to the Supreme Court's cases on the issue of when possession/carrying of firearm would be considered "in furtherance" of drug trafficking. See *Possession of firearm concomitant to felony or felony attempts*, 79 Am.Jur.2d §11 (May 2009); Francis M. Dougherty, J.D., *What constitutes "use" of firearm for purposes of 18 U.S.C.A. §924(c)(1), providing penalty for use of firearm during drug trafficking crime or crime of violence*, 125 ALR Fed. 545 (1995).[8]

Thus, petitioner Andújar-Ortiz has no grounds to establish counsel was ineffective for failing to provide him with the defense as to the firearm charged in the one-count Information to which he pleaded guilty because of the alleged government's lack of evidence

---

[7]  Defendant Andujar-Ortíz, a lifelong resident of Puerto Rico, who was thirty-one years old, with eighth grade education, had previous convictions for possession fo firearms and controlled substances in state court.

[8]  For summary of legislation and the resulting statutory amendments see Angela LaBuda Collins, *The Latest Amendment to 18 U.S.C. § 924(c): Congressional Reaction to the Supreme Court's Interpretation of the Statute*, 48 Cath.U.L.Rev. 1319 (1999).

to support "in furtherance" of drug trafficking activities, which he now equates to proximity between the drugs and the firearm.

## B.  Evidentiary Hearing not Necessary.

A hearing on petitioner's motion  would be required  "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, 28 U.S.C. §2255.   In summary, a petition can be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because "they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st  Cir. 1990) (*quoting* Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989)).  *See* United States v. Rodríguez-Rodríguez, 929 F. 2d 747, 749-50 (1st Cir. 1991); United States v. McGill, 11 F.3d 223, 225- 26 (1st Cir. 1993).

Having found no merits to petitioner Andújar-Ortiz' post-conviction relief, there is no need for an evidentiary hearing and all the necessary elements to sustain this finding are sustained by the record before the Court.

## CONCLUSION

As discussed above,  petitioner Andújar-Ortiz has not established merits to his post-conviction motion. Accordingly, it is recommended that petitioner's §2255 motion for post-conviction relief be **DENIED**.

IT IS SO RECOMMENDED.

Jorge Andújar-Ortiz  v. U.S.
Civil No.  09-1621 (JAG)
Criminal Nos. 09-086, 06-206 (JAG)
Report and Recommendation
Page 12

The parties have fourteen (14) days to file any objections to this report and recommendation.  Amended Fed. R. Crim P. 59 (b)(2).  *See also* Amended Local Rules. [9] Failure to file same within the specified time waives the right to appeal this order.  Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).  *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

San Juan, Puerto Rico, this 2nd  day of February of 2010.


                                            s/ CAMILLE L. VELEZ-RIVE
                                              CAMILLE L. VELEZ-RIVE
                                              UNITED STATES MAGISTRATE JUDGE

---

[9]    Local Rule 72 (d), as amended December 3, 2009 provides:
   **(d)  Objections to Report of Proposed Findings and Recommendations as to Dispositive Motions and Prisoner Cases.**
   Any party may object to the magistrate judge's report of proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1) within fourteen (14) days after being served a copy of it. The party shall file with the clerk and serve on all parties written objections which shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection.